UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HOMEWORKS RESTORATION, LLC, | ) |
| *Plaintiff,* | ) ) ) ) Case No. |
| v. | ) ) |
| FRANKENMUTH INSURANCE COMPANY, | ) ) ) |
| *Defendant.* | ) ) |

## VERIFIED COMPLAINT FOR DAMAGES

COMES NOW Plaintiff, HomeWorks Restoration, LLC ("HomeWorks"), by counsel, and for its cause of action against Frankenmuth Insurance Company ("Frankenmuth" or the "Defendant") alleges and states as follows:

### SUMMARY OF THE ACTION

This action arises out of the Defendant's breach and failure to deal in good faith in the adjustment and processing of the claim HomeWorks submitted on or about October 10, 2022, pursuant to the valid and binding insurance policy, number 6646408 (the "Insurance Contract"), insuring various item of HomeWorks property that had been stolen. A copy of the *Insurance Contract* is attached hereto as Exhibit A.

### PARTIES

1.  HomeWorks, is a construction and restoration company with its principal office located in Elkhart County, Indiana.

2.  Frankenmuth is a duly Indiana licensed insurance provider domiciled in the State of Michigan, operating through one or more agencies including 1st Source Insurance Inc. located at 6909 Grape Road, Second Floor, Mishawaka, Indiana 46545.

1

## JURISDICTION AND VENUE

3. Diversity jurisdiction exists in this matter pursuant to 28 U.S.C. § 1332, as amended, which provides for original jurisdiction of all civil actions in the District Court between citizens of different states in which the matter in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. Complete diversity of citizenship exists between Plaintiff and Defendant pursuant to 28 U.S.C. § 1332, as amended.

## FACTS COMMON TO ALL COUNTS

4. On or about October 5, 2022, HomeWorks discovered its 2014 CALIBER HG714FL Trailer ("Trailer"), including its contents ("Contents"), missing from HomeWorks' business premises located at 116 W. Bristol Street, Elkhart, Indiana (the "Loss").

5. That same day, HomeWorks filed a report with the Elkhart Police Department for the Loss. A copy of the *Elkhart Police Report* is attached hereto as Exhibit B.

6. The following Contents were located on the Trailer: (1) 61' Turf Tiger 37HP Vanguard lawn mower; (2) Backpack blower; and (3) Maxtorque STR Shaft 29.5 cc.

7. Shortly after the Loss was discovered, HomeWorks contacted Defendant and filed a claim pursuant to the Insurance Contract (the "Claim").

8. On or about February 9, 2023, HomeWorks provided Defendant with a Sworn Statement in Proof of Loss (the "Proof of Loss") including original proofs of purchase for the Contents. A copy of the *Proof of Loss* is attached hereto as Exhibit C.

9. Following its receipt of the Proof of Loss, Defendant requested additional information and documents from HomeWorks regarding the Loss.

10. On or about December 18, 2022, the damaged Trailer was located in Michigan.

11. The Contents of the Trailer at the time of the Loss were never recovered.

12. On July 13, 2023, Adam Brown, the CEO of HomeWorks, participated in an Examination Under Oath as requested by the Defendant.

13. Following the completion of the Examination Under Oath, a substantial period of time elapsed wherein HomeWorks did not receive any communications from Defendant regarding the Claim.

14. Accordingly, due to the inaction and continued delay of Defendant, HomeWorks was forced to retain counsel to help facilitate a resolution for the Claim.

15. HomeWorks has completed all necessary and mandatory requirements, based on the Insurance Contract, despite Defendant's failure to provide coverage for the Loss as is required under the Insurance Contract.

## COUNT I – BREACH OF CONTRACT

16. HomeWorks incorporates and realleges the preceding numerical paragraphs as if fully set forth herein.

17. Pursuant to the terms of the Insurance Contract, Defendant assumed responsibility to cover the Trailer and the Contents as it relates to the Loss.

18. Defendant has breached the Insurance Contract by failing to provide coverage as is required for the Loss.

19. As a direct and proximate result of Defendant's actions, HomeWorks has suffered damage including, but not limited to, the out-of-pocket costs associated with the replacement of the Trailer and Contents despite the coverage under the Insurance Contract.

WHEREFORE, the Plaintiff, HomeWorks Restoration, LLC, by counsel, respectfully requests that the Court enter judgment in its favor and against Frankenmuth Insurance Company in an amount consistent with its damages, post-judgment interest, costs, and all other relief just

and proper in the premises.

## COUNT II – BAD FAITH

20. HomeWorks incorporates and realleges the preceding numerical paragraphs as if fully set forth herein.

21. Defendant owed HomeWorks a duty of good faith and fair dealing.

22. Defendant breached its duty of good faith and fair dealing with HomeWorks.

23. As a direct and proximate result of Defendant's actions, HomeWorks has suffered damages including but not limited to the out-of-pocket costs associated with replacing the Trailer and Contents despite the coverage under the Insurance Contract.

WHEREFORE, the Plaintiff, HomeWorks Restoration, LLC, by counsel, respectfully requests that the Court enter judgment in its favor and against Frankenmuth Insurance Company in an amount consistent with its damages, post-judgment interest, costs, and all other relief just and proper in the premises.

## COUNT III – NEGLIGENCE

24. HomeWorks incorporates and realleges the preceding numerical paragraphs as if fully set forth herein.

25. Defendant owed HomeWorks a duty to exercise reasonable care in handling the Claim that was filed as a result of the Loss.

26. Defendant breached its duty to HomeWorks.

27. As a direct and proximate result of Defendant's actions, HomeWorks has suffered damages.

WHEREFORE, the Plaintiff, HomeWorks Restoration, LLC, by counsel, respectfully requests that the Court enter judgment in its favor and against Frankenmuth Insurance Company

in an amount consistent with its damages, post-judgment interest, costs, and all other relief just and proper in the premises.

          Respectfully Submitted,

          JASON MAY LAW

          _____
          Jason D. May, #27434-49
          Melanie A. Ryder, #34576-29
          9201 N. Meridian Street, Suite 220
          Indianapolis, IN 46260
          (317) 218-3859
          jason.may@jasonmaylaw.com
          mryder@jasonmaylaw.com
          *Attorneys for HomeWorks Restoration, LLC*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HOMEWORKS RESTORATION, LLC, | ) |
| | ) |
| *Plaintiff,* | ) |
| | ) Case No. |
| v. | ) |
| | ) |
| FRANKENMUTH INSURANCE COMPANY, | ) |
| | ) |
| *Defendant.* | ) |

## VERIFICATION

I, Adam Brown, state that the information contained in the attached *Verified Complaint for Damages* is based upon my personal knowledge. To the best of my information and belief, I affirm under the penalties for perjury that the foregoing representations are true and accurate.

9/28/2024
DATE

Adam Brown
CEO, HomeWorks Restoration LLC

6

UNITED STATES DISTRICT COURT
FOR THE
SOUTHERN DISTRICT OF INDIANA

| | |
|---|---|
| HOMEWORKS RESTORATION, LLC, | ) |
| *Plaintiff,* | ) ) ) ) Case No. |
| v. | ) ) |
| FRANKENMUTH INSURANCE COMPANY, | ) ) ) |
| *Defendant.* | ) |

**DEMAND FOR JURY TRIAL**

Plaintiff, HomeWorks Restoration, LLC, hereby demands a trial by jury with regard to its claims against Defendant, Frankenmuth Insurance Company, in the above matter.

Respectfully Submitted,

JASON MAY LAW

_____
Jason D. May, #27434-49
Melanie A. Ryder, #34576-29
9201 N. Meridian Street, Suite 220
Indianapolis, IN 46260
(317) 218-3859
jason.may@jasonmaylaw.com
mryder@jasonmaylaw.com
*Attorneys for HomeWorks Restoration, LLC*